THE ROSS COUNTY BANK IN CHILLICOTHE *v.* HENRY S. LEWIS.

The act of March 21, 1851, "To tax banks, and bank and other stocks," etc., in providing for a different mode and measure of taxation in regard to plaintiff's capital stock, etc., from that prescribed in the 60th section of the act of 1845, under which the plaintiff was incorporated, impairs the obligation of a contract.

TRESPASS.   Reserved in the District Court of Ross county.

The plaintiff is a branch of the State Bank of Ohio, organized under the act of February 24, 1845, to incorporate the State Bank of Ohio, and other banking companies.

For the year 1851, a tax was levied upon the capital stock, and surplus and contingent fund of the plaintiff, in pursuance of the provisions of the act of March 21, 1851, " to tax banks, and bank and other stocks, the same as other property is now taxable by the laws of this State," and placed by the county auditor upon the grand duplicate of Ross county, for collection.

The defendant, as treasurer of said county, having demanded of the plaintiff the payment of the tax thus levied, and the plaintiff having refused to pay the same, proceeded, on the 1st of January, 1852, to seize, distrain, and sell certain goods and chattels of the plaintiff to pay said tax.

Counting upon this seizure and sale, the plaintiff brought its action of trespass against the defendant.

The defendant pleaded the assessment of the tax, and the demand and refusal, as above stated, as a protection against liability for said seizure and sale.

The plaintiff replied that, as against the plaintiff, the act of March 21, 1851, in pursuance of which said tax was levied, was unconstitutional and void—the plaintiff having been organized under the provisions of the act of February 24, 1845, which thereby became a contract between itself and the State, and which prescribed a different rule and rate of taxation from that provided for in the law under which this tax was assessed ; and having on its part fully complied with the provisions of said act of February 24, 1845.

The defendant demurred to this replication, and thereby raised the following question of law :

Does the act of March 21, 1851, as against the plaintiff, conflict with the provision of the constitution of the United States, and the like provision of the Ohio constitution of 1802, prohibiting all laws which impair the obligation of contracts ?

*T. Ewing, H. H. Hunter,* and *Henry Stanbery,* for plaintiff.

*George E. Pugh,* and *Lewis & Safford,* for defendant.

SCOTT, J. The plaintiff was organized under the act of 1845, " to incorporate the State Bank of Ohio, and other banking companies," the 60th section of which prescribes the mode and measure of taxation to which the banks thereby incorporated should be subjected. The act of March 21, 1851, " to tax banks, and bank and other stocks the same as other property is now taxable by the laws of this State," provides for a different mode and measure of taxation; and the sole question arising in the case, is : Does the enactment of 1851 impair the obligations of a contract, and so fall within the prohibition of the tenth section of the first article of the constitution of the United States ?

This question, raised in this case by the pleadings, is identical with that decided by the Supreme Court of the United States in the case of the *Piqua Branch of the State Bank of Ohio* v. *Knoop*, 16 How. Rep. 369.

The same question, in effect, was before this court at its present term, and decided in the same way, in the case of *Ohio, on relation of Morgan*, v. *Auditor of Athens county*.

The power of the legislature, under the constitution of 1802, to bind the State by such a charter as the bank law of 1845, has also been fully considered and affirmed by this court at its present term, in the case of *Matheny* v. *Golden*.

In accordance with these decisions, both of this court and the Supreme Court of the United States, and for the reasons on which those decisions are based, judgment must be entered for the plaintiff.

BARTLEY, C. J., dissenting:

I have stated my views, at full length, on the main question involved in this case, in my dissenting opinion in the case of *Matheny* v. *Golden*, reported in this volume, page 375. And I refer to that opinion for the main reasons of my dissent in this case.

BRINKERHOFF, J., also dissented, on the ground that the sixtieth section of the act to incorporate the State Bank of Ohio, did not contain the legal elements of, and was not a contract; and holding that this case was clearly distinguishable from that

of *Matheny* v. *Golden*, where the existence of a contract was beyond question.